{¶ 28} I agree that, on this record, Palco's property constitutes a public nuisance as defined by Section 1323.01 of the Codified Ordinances of the City of Springfield. I also agree that pursuant to those ordinances the City's Director of the Department of Development and Planning was authorized to order Palco to abate the nuisance. However, the particular action which the Director ordered Palco to take within the time allowed was not within the Director's authority to order. It was also impossible of performance. Therefore, the trial court erred when it held that Palco failed to comply with a valid order.
 {¶ 29} The Notice served on Palco declared its property to constitute a public nuisance and stated: "you are hereby Ordered to Abate this Public Nuisance by Repair or Demolition within thirty (30) days from the receipt of this Order so as to correct the conditions identified . . ." The order was signed by the City's Director of the Department of Planning and Development, William P. Craig.
 {¶ 30} Section 1323.10 of the Codified Ordinances states that when the City's Director of Planning and Development determines that a nuisance exists, the Director "may give notice of such violations to the person responsible therefor and order compliance with this chapter as hereinafter provided. Such notice and order shall . . . (c) Specify a reasonable time for compliance."
 {¶ 31} Palco argues, as it did in the trial court, that thirty days the Director's notice allowed was not a reasonable time to comply with the abatement action specified, which was to repair or demolish the buildings on its property. The property is a former industrial site and the conditions identified as constituting the nuisance were numerous and substantial. The Director opined that "the only way you could comply with the code (with respect to) the structures is to demolish them." (T. 16). The contractor the City subsequently engaged to perform that work estimated that it would take approximately five months. (T. 26). How, then, could the thirty days the Director's notice allowed to repair or demolish the structure be a "reasonable time" to comply with the Director's order, which is the mandate of Section1323.10?
 {¶ 32} Section 1315.08 of the City's ordinances states: "Each order of the City shall cite the law or rules upon which it was issued and shall specify what actions are necessary to comply with the applicable code." The actions the Director's abatement order specified were repair or demolition, and nothing else. The order further states: "Permits must be obtained from the Inspection Services Division prior to starting any repairs, demolition, building alterations, electrical, plumbing or heating work of such a nature as to require City of Springfield permits." The final sentences of the Director's Order states: "This Written Notice is given pursuant to Section 1323.03 of Codified Ordinances of the City of Springfield. If there are any questions regarding this Notice please contact me at (937) 324-7371."
 {¶ 33} Section 1323.03, to which the Notice refers as the rule upon which the Notice was issued, authorizes the Director to send a notice to abate a public nuisance, and further provides that "such notice shall identify the public nuisance and require the owner or occupant, or both, to abate the public nuisance . . . within thirty (30) days of such notice either by the removal of the public nuisance or the repair of the public nuisance inaccordance with Section 1323.06." (Emphasis supplied.)
 {¶ 34} Section 1323.06 states:
 {¶ 35} "Upon being served notice, the owner or owners may make application in writing or in person to the Planning and Development Director for a special building permit to undertake the repairs or replacement of items found to constitute a public nuisance. Plans and specifications as required by the Planning and Development Director covering the repairs or replacements shall be furnished by such owner or owners to the Planning and Development Director within fifteen days after receipt of notice or such additional time as the Planning and Development Director may deem necessary to complete plans and specifications, not to exceed ninety (90) days. The Planning and Development Director shall, upon approval of such plans and specifications, issue a special building permit to the owner or owners, such permit to effect and complete such repairs and/or replacements, or the Planning and Development Director may grant a renewal of the special building permit if the owner or owners show reason or cause for the requested extension and which extension will more readily effect such repairs and/or replacements."
 {¶ 36} The actions to abate a nuisance which Section 1323.03
authorizes the Director to order are, by its express terms, those for which Section 1323.06 provides. Those actions are application for and approval of building permits needed to either remove or repair the conditions which constitute a nuisance. Instead of the "reasonable time" for more substantial steps that Section 1323.10
requires the Director to allow, the permit application and approval process allows for far shorter time-lines. An owner or occupant is allowed thirty days to submit an application and up to ninety days to obtain a special building permit.
 {¶ 37} The Director's reliance on Section 1323.03 and, by reference, Section 1323.06 to order Palco to repair or demolish its property within thirty days presents two difficulties. First, the Director is not authorized by those sections to order that action within that time, but only to order persons subject to a notice and order to obtain a building permit within a thirty-day period. Second, as the record shows, the Director's Notice improperly applied that thirty day requirement to a form of abatement, repair or demolition, for which Section 1323.10
expressly requires the Director to allow a "reasonable time for compliance," when the record is unequivocal that the thirty days the Director's order allowed was wholly unreasonable. The Director conceded that only demolition could cure the problem, and the City's contractor said that job would take five months.
 {¶ 38} The trial court brushed aside those problems in the Director's Notice, suggesting that because Section 1323.03 was specified as the source of the Director's authority, Palco should have known that it could comply not by repair or demolition, which the Notice specifies, but instead by applying for a building permit. However, that was not the action the Notice ordered Palco to take. That action was repair or demolition within thirty days, and nothing else. Section 1315.08 requires a correspondence and consistency between the action ordered and the authority cited. In the Director's order, the two are inconsistent.
 {¶ 39} The majority approves the trial court's finding, reasoning that the more specific provisions of Sections 1323.03
and 1323.06 prevail over the conflicting "reasonable time" provision of Section 1323.10. However, there is no conflict between those sections. The conflict is in the Director's Notice, which orders a form of abatement authorized by Section 1323.10
within the shorter times imposed by the two other sections, which was impossible for Palco to perform.
 {¶ 40} When this appeal was filed, Palco asked us to stay the trial court's order, which permitted the City to raze Palco's property to abate the nuisance at Palco's expense. We declined to issue a stay, believing that if the City proceeded to do that it would take the action at its own risk. The City proceeded to do that. In consequence, because of the defects in the City's Notice, Palco has been deprived of its property without due process of law. In view of the decrepit condition of its property, the value of that loss may not be substantial. However, it will compound the problem if Palco is required to compensate the City for the demolition work, which on this record is a demand the City likely will make.
 {¶ 41} I would reverse and remand for an order in favor of Palco on its claim for damages in an amount to be determined.